Rule 112.  Availability and Temporary Assignments of Magisterial District Judges

***

Official Note:

***

This rule is not intended to affect the availability requirements for emergency relief under the Protection From Abuse Act **or 42 Pa.C.S. §§ 62A01-62A20**. See Pa. R.C.P.M.D.J. Nos. 1201—1211.  In addition, the court of common pleas of each judicial district is responsible to ensure that a judge or magisterial district judge ''is available on a 24-hour-a-day, 365-day-a-year basis to accept and decide on petitions for an emergency court order under'' the Older Adult Protective Services Act. 35 P.S. § 10225.307. Actions commenced under the Older Adult Protective Services Act are governed by statute and local procedures, not by these rules.

***

Rule 206.  Costs; Proceedings In Forma Pauperis

***

D.    This rule shall apply to all civil actions and proceedings except actions pursuant to the Protection from Abuse Act **or 42 Pa.C.S. §§ 62A01-62A20**.

Official Note:

***

For special provisions governing actions pursuant to the Protection From Abuse Act, *see* Sections 6106(b) and (c) of the Domestic Relations Code, 23 Pa.C.S. §§ 6106(b) and (c).  **For special provisions governing actions seeking relief from sexual violence or intimidation,** *see* **42 Pa.C.S. §§ 62A01-62A20.**

***

Rule 215.   Advanced Communication Technology

Magisterial district judges may authorize the use of advanced communication technology during any civil proceeding or action governed by the Rules of Civil Procedure for Magisterial District Judges.

Official Note: This rule was adopted in 2008 to specify that magisterial district judges may use advanced communication technology in their courtrooms during adversarial proceedings.  In an *ex parte* proceeding, such as an action pursuant to the Protection From Abuse Act, 23 Pa.C.S. §§ 6101**-6122 [***et seq.***]**, **or 42 Pa.C.S. §§ 62A01-62A20 (providing for protection of victims of sexual violence or intimidation),** magisterial district judges also may permit the use of advanced communication technology.  Limited technology available in some magisterial district courts may preclude the use of certain advanced communication technology options. *Compare* Pa.R.Crim.P. 119.

# EMERGENCY RELIEF **[UNDER THE PROTECTION]** FROM ABUSE **[ACT]**, **SEXUAL VIOLENCE OR INTIMIDATION**

Rule 1201.  Applicability

The rules in this chapter apply to the exercise by a hearing officer of jurisdiction under Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. §  6110, **and Section 62A09 of Title 42, 42 Pa.C.S. § 62A09,** to grant emergency relief from abuse**, sexual violence or intimidation**.

Official Note:  *See* the Protection From Abuse Act set forth in the Domestic Relations Code, 23 Pa.C.S. §§ 6101-61**[18]22, and 42 Pa.C.S. §§ 62A01-62A20**.

The court of common pleas of each judicial district is responsible to ensure that a judge or magisterial district judge "is available on a 24-hour-a-day, 365-day-a-year basis to accept and decide on petitions for an emergency court order under" the Older Adult Protective Services Act. 35 P.S. § 10225.307.  Actions commenced under the Older Adult Protective Services Act are governed by statute and local procedures, not by these rules.

**This chapter was amended in 2015 to provide procedural rules for protective orders sought for victims of sexual violence or intimidation.  *See* 42 Pa.C.S. §§ 62A01-62A20.**

Rule 1202.  Definitions

As used in this chapter:

**(1)** "abuse"**["adult" and "family or household members" shall have the meanings given to those words in Section 6102 of the Protection From Abuse Act, 23 Pa.C.S. § 6102;]** **means the occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:**

**(a)  attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.**

**(b)  placing another in reasonable fear of imminent serious bodily injury.**

**(c)  the infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).**

**(d)  physically or sexually abusing minor children, including such terms as defined in Chapter 63 of the Domestic Relations Code (relating to child protective services).**

**(e)  knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. This definition applies only to proceedings commenced under the Domestic Relations Code and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).**

**(2)  "adult" means an individual who is 18 years of age or older.**

**(3)** "court" means**:**

**(a)** the court of common pleas of the judicial district in which the office of the hearing officer taking action under these rules is located**[;]** **in actions brought under the Protection from Abuse Act, 23 Pa.C.S. §§ 6101-6122, or**

**(b)  the court or magisterial district judge having jurisdiction over the matter in actions brought pursuant to Section 62A09 of Title 42, 42 Pa.C.S. § 62A09 (providing for protection of victims of sexual violence or intimidation).**

**(4)** "family or household members" **means spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood.**

**(5)** "hearing officer" means a magisterial district judge, judge of the Philadelphia Municipal Court, **[bail commissioner]** **arraignment court magistrate** appointed under 42 Pa.C.S. § 1123 (relating to jurisdiction and venue), master appointed under 42 Pa.C.S. § 1126 (relating to masters), and master for emergency relief appointed under 23 Pa.C.S. § 6110(e) **or 42 Pa.C.S. § 62A09(e)** (relating to master for emergency relief).

**(6) "intimidation" means conduct constituting a crime under either of the following provisions between persons who are not family or household members:**

**(a) 18 Pa.C.S. § 2709(a)(4), (5), (6) or (7) (relating to harassment) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.**

**(b) 18 Pa.C.S. § 2709.1 (relating to stalking) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.**

**(7) "minor" means an individual who is not an adult.**

**(8) "sexual violence" means conduct constituting a crime under any of the following provisions between persons who are not family or household members:**

**(a) 18 Pa.C.S. Ch. 31 (relating to sexual offenses), except 18 Pa.C.S. §§ 3129 (relating to sexual intercourse with animal) and 3130 (relating to conduct relating to sex offenders).**

**(b) 18 Pa.C.S. § 4304 (relating to endangering welfare of children) if the offense involved sexual contact with the victim.**

**(c) 18 Pa.C.S. § 6301(a)(1)(ii) (relating to corruption of minors).**

**(d) 18 Pa.C.S. § 6312(b) (relating to sexual abuse of children).**

**(e) 18 Pa.C.S. § 6318 (relating to unlawful contact with minor).**

**(f) 18 Pa.C.S. § 6320 (relating to sexual exploitation of children).**

**(9) "victim" means a person who is a victim of abuse, sexual violence or intimidation.**

6

**Official Note:** These definitions are largely derived from 23 Pa.C.S. § 6102 and 42 Pa.C.S. § 62A03.

Rule 1203.  Limitation on Jurisdiction

The hearing officer may grant relief under these rules only when the court is unavailable to do so pursuant to the provisions of:

**(1)**  Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110,

**(2)    42 Pa.C.S. § 62A09 (providing for protection of victims of sexual violence or intimidation),** or

**(3)**  local rule of court.

Official Note:  The limitation in this rule is taken from Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110**, and 42 Pa.C.S. § 62A09**.

This rule recognizes and reaffirms the existing practice in many counties. The availability of each court to grant necessary emergency relief **[under the Act]** will vary greatly, both during the business and non-business day; therefore, it was deemed desirable to permit each court to promulgate such rules as would best serve its specific needs in providing for efficient implementation of **[the]** emergency relief **measures [provisions of the Act]**.

Rule 1204.  Venue

A.    Except as provided in subdivision B, a proceeding for emergency relief may be brought in a magisterial district within the county in which

(1)    the plaintiff resides, either temporarily or permanently, or

(2)    the abuse**, sexual violence or intimidation** occurred.

B.    If the relief sought includes possession of the residence or household to the exclusion of the defendant, the action may be brought only in a magisterial district within the county in which the residence or household is located.

Official Note:    This rule is consistent with Pa.R.C.P. No. 1901.1 and provides the necessary flexibility to a plaintiff who may have to flee the county of permanent residence to escape further abuse.  This rule is intended to provide maximum flexibility to a plaintiff to use a convenient forum to seek an emergency protective order. However, where practicable, plaintiffs should give preference to filing in the magisterial district in which the plaintiff resides, either temporarily or permanently, or in the magisterial district in which the abuse occurred. A proceeding is considered to have been brought in a magisterial district even if it is before a hearing officer serving temporarily in that district, or before a hearing officer who has been invested by local rule with temporary county-wide jurisdiction.

**Subdivision B of this rule only applies to actions brought pursuant to Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110.**

Rule 1205.  Persons Who May Seek Emergency Relief

An adult or an emancipated minor may seek emergency relief from abuse**, sexual violence or intimidation** for himself or herself. Also, any parent, adult household member or guardian ad litem may seek emergency relief from abuse**, sexual violence or intimidation** on behalf of minor children. In addition, a guardian of the person of an incapacitated person as defined in 20 Pa.C.S. § 5501 may seek emergency relief on behalf of the incapacitated person.

Official Note:    This rule is derived from Section 6106 of the Protection From Abuse Act, 23 Pa.C.S. § 6106**, as well as 42 Pa.C.S. § 62A05**.

Rule 1206.  Commencement of Proceedings

A.    A proceeding for emergency relief from abuse**, sexual violence or intimidation** shall be commenced by the filing of a petition by the plaintiff with the hearing officer on a form which shall be prescribed by the State Court Administrator. The petition shall be signed by the plaintiff and shall set forth the names and addresses of the plaintiff and the defendant and the names, addresses and ages of any person on whose behalf the plaintiff is seeking relief. The plaintiff shall also allege in the petition, in general terms, the cause for seeking **emergency** relief from abuse**, sexual violence or intimidation**.

B.    Upon issuance of an emergency order, the hearing officer shall provide the plaintiff with instructions regarding the commencement of proceedings in the court of common pleas and regarding the procedures for initiating a contempt charge should the defendant violate the emergency order. The hearing officer shall also advise the plaintiff of the existence of **rape crisis centers in the county or in nearby counties in the case of sexual violence, as well as** programs for victims of domestic **or sexual** violence in the county or in nearby counties and inform the plaintiff of the availability of legal assistance without cost if the plaintiff is unable to pay therefor.

C. The petition shall be filed and service shall be made without prepayment of costs.

Official Note:    **[It was thought desirable to require the petition to be on a simple, prescribed form since this is an emergency proceeding and the plaintiff is apt to be in an excited state at the time of the filing.]**  Subdivision B is added to assure compliance with the requirement of Section 6110(d) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(d), **as well as 42 Pa.C.S. § 62A09(d)**.  Practice varies among the judicial districts as to what procedures the plaintiff must follow to continue in effect a protection order in the court of common pleas upon the certification of an emergency protection order to the court of common pleas. The hearing officer should provide clear instructions to the plaintiff as to what must be done to continue in effect the protection order in the court of common pleas. *See* Rule 1210 and Note, and Rule 1211 and Note.  Subdivision C is derived from Section 6106(b) of the Act, 23 Pa.C.S. § 6106(b), **as well as 42 Pa.C.S. § 62A05(b),** and reflects the practice when a temporary order is issued at the common pleas level.

Rule 1207.  Hearing

As soon as possible after the filing of the petition, the hearing officer shall hold an ex parte hearing thereon. The plaintiff may present witnesses at the hearing**. [,but need not be compelled to disclose the permanent or temporary residence of the plaintiff or minor children] <u>Neither in the petition nor during a hearing shall the hearing officer require disclosure of the address of a domestic violence program, a rape crisis center, or the plaintiff or victim, as appropriate</u>**.

Official Note:    **[Under Section 6110(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(a), the] <u>The</u>** hearing is ex parte, and **[under Section 6110(b) of the Act, 23 Pa.C.S. § 6110(b)]** the emergency order**[s]** issued by the hearing officer**[s]** as a result of the hearing **[are] <u>is</u>** of short duration.  ***See* <u>23 Pa.C.S. § 6110(a)-(b), 42 Pa.C.S. § 62A09(a)-(b).</u>**  Accordingly, there are no provisions in these rules for notice to the defendant prior to **<u>the</u>** hearing. The hearing need not be held at the office of the hearing officer.  **<u>*See* Rule 215 (permitting the use of advanced communication technology in any civil action or proceeding governed by the Rules of Civil Procedure for Magisterial District Judges.)</u>**  The last phrase was added to **[i]<u>e</u>**nsure compliance with Section 6112 of the Act, 23 Pa.C.S. § 6112 **and 42 Pa.C.S. § 62A11**. **<u>Nothing in the last phrase is intended to preclude a magisterial district judge from determining that venue is proper pursuant to Rule 1204.</u>**

Rule 1208.  Findings and Protection Orders

A.      If the hearing officer, upon good cause shown, finds it necessary to protect the plaintiff**,** **[or]** minor children**, or victim** from abuse**, sexual violence or intimidation, [he] the hearing officer** may grant relief in accordance with Section 6110(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(a) **or 42 Pa.C.S. § 62A09(a)**, and make any protection orders necessary to effectuate that relief. Immediate and present danger of abuse**, sexual violence or intimidation** to the plaintiff**, [or]** minor children**, or victim** shall constitute good cause.

B.      The hearing officer shall enter on the petition form **[his] the** findings and any protection orders made or other action taken **[by him]**.

Official Note:      Subdivision A of this rule is derived from Section 6110(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(a), which permits the hearing officer to grant limited relief in accordance with **[Section] 23 Pa.C.S. §** 6108(a)(1), (2) and (6) or (1) and (6) **[of the Act]** (relating to relief)**, as well as 42 Pa.C.S. § 62A07(b)**.

Rule 1209. Service and Execution of Emergency Protection Orders

**A.** The hearing officer shall provide to the plaintiff a copy of a protection order made under Rule 1208. The hearing officer or, when necessary, the plaintiff shall immediately deliver a service copy of any protection order made under Rule 1208 to a police officer, police department, sheriff or certified constable for service upon the defendant and execution. After making reasonable effort, if the executing officer is unable to serve the protection order upon the defendant in a timely fashion, the executing officer shall leave a service copy of the petition form containing the order with the police department with jurisdiction over the area in which the plaintiff resides for service upon the defendant, and shall advise such police department that the order could not be served.

**B.** **When a protection order is issued under Rule 1208 in accordance with 42 Pa.C.S. § 62A09(a), the hearing officer shall:**

**(1)** **within two business days, serve the order upon the police department, sheriff and district attorney in the jurisdiction where the order was entered, and**

**(2)** **in the case of a minor victim of sexual violence, serve a copy of the petition and order upon the county agency (as defined by 23 Pa.C.S. § 6303) and the Department of Human Services.**

Official Note: The hearing officer should provide the plaintiff with at least one copy of a protection order, but more than one copy may be needed. For example, the plaintiff may wish to serve the order upon multiple police departments when the plaintiff lives and works in different police jurisdictions, etc. If it is necessary for the plaintiff to deliver the protection order to the executing officer, the hearing officer should make sure that the plaintiff fully understands the process and what must be done to have the order served upon the defendant. The hearing officer should make every effort to have the protection order served by a law enforcement officer in a timely fashion. The Rule requires that if the executing officer is unable to serve the protection order in a timely fashion, the executing officer shall leave a service copy of the order with the police department with jurisdiction over the area in which the plaintiff resides. This was thought advisable so that the local police would have a service copy in case they would be called to the plaintiff's residence should the defendant return there. Due to the emergency nature of these protection orders and the fact that to be meaningful they must be served and executed at night or on a weekend, the hearing officer should have the authority to use police officers as well as sheriffs and certified constables to serve and execute these orders. **Protection orders issued under Rule 1208 in accordance with 42 Pa. C.S. § 62A09 (providing for protection of victims of sexual violence or intimidation) are subject to additional service requirements.** *See* Section 6109(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6109(a)**, and 42 Pa.C.S. § 62A05(d)**.

Service shall be made without prepayment of costs. *See* Rule 1206(C).

Service of protection orders upon the defendant at the time of execution may not be possible under some circumstances.

Rule 1210. Duration of Emergency Protection Orders

Protection orders issued under Rule 1208 shall expire at the end of the next business day the court deems itself available.

Official Note:     This rule is derived from Section 6110(b) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(b)**, as well as 42 Pa.C.S. § 62A09(b)**.  Practice varies among the judicial districts as to what procedures the plaintiff must follow to continue in effect a protection order in the court of common pleas upon the certification of an emergency protection order to the court of common pleas. The hearing officer should provide clear instructions to the plaintiff as to what must be done to continue in effect the protection order in the court of common pleas.  *See* Rule 1206 and Note, and Rule 1211 and Note.

Rule 1211.  Certification to Court of Common Pleas

A.     Any protection order issued under Rule 1208, together with any documentation in support thereof, shall immediately be certified to the court of common pleas by the hearing officer.

B.     Certification under subdivision A of this Rule shall be accomplished by sending to the prothonotary of the court by first class mail or messenger a certified copy of the petition form containing the order, with any supporting documentation attached.

Official Note:     Certification under subdivision A of this rule is required by Section 6110(c) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(c)**, as well as 42 Pa.C.S. § 62A09(c)**.   This rule is also consistent with Pa.R.C.P. No**s**. 1901.3(b) **and 1953(b),** which permit**[s]** commencement of an action by filing with the prothonotary a certified copy of an emergency protection order. However, practice varies among the judicial districts as to how the protection order is continued in effect after it is certified to the court of common pleas. For example, some judicial districts may require that the plaintiff appear in person to continue the action in the court of common pleas. Others may automatically commence an action in the court of common pleas upon receipt of a certified copy of the emergency order from the hearing officer.  *See* Rule 1206 and Note**,** and Rule 1210 and Note.

Depending on local practice, the plaintiff or the plaintiff's representative may act as a messenger under subdivision B of this rule.